UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JOLENE TAYLOR | * | CIVIL ACTION |
|---|---|---|
| | * | |
| VERSUS | * | NO. 09-4179 |
| | * | |
| OCHSNER FOUNDATION CLINIC HOSPITAL ET AL.* | | SECTION "L"(4) |

## ORDER & REASONS

Before the Court is Defendant Metropolitan Life Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 26) and Defendant Ochsner Foundation Clinic Hospital's Motion for Summary Judgment (Rec. Doc. No. 24). The Court having reviewed the submitted memoranda and the applicable law is now ready to rule. Defendants' Motions for Summary Judgment are hereby GRANTED.

## I. BACKGROUND

This case arises out of the denial of benefits pursuant to a life insurance policy in an employee benefits plan governed by the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* As employees of Defendant Ochsner, Wayne Taylor and Plaintiff Jolene Taylor, who were married to each other at all relevant times, both elected to receive life insurance benefits pursuant to Ochsner's employee benefits plan. Defendant Ochsner was the plan sponsor and plan administrator. *See* Def. MetLife's Ex. 3 pt. 5 at SPD00138 (Rec. Doc. No. 26-14 at 20-21). Defendant MetLife was the claims administrator for the life insurance benefits, *see id.* at SPD00139 (Rec. Doc. No. 26-14 at 22), with "discretionary authority to interpret the terms of the Plan and to determine eligibility for and

entitlement to Plan benefits in accordance with the terms of the Plan," *see* Def. MetLife's Ex. 2 pt. 3 at M0086 (Rec. Doc. No. 26-5 at 26).

The Ochsner benefits plan provided each employee with basic life insurance coverage. *See* Def. MetLife's Ex 2. pt. 1 at M0025 (Rec. Doc. No. 26-3 at 23). In addition, the plan made available dependent life insurance coverage. *See* Def. MetLife's Ex. 2 pt. 2 at M0044, M0055 (Rec. Doc. No. 26-4 at 10, 21). The certificate of insurance defined the term "dependent" as "[y]our spouse and/or child." *Id.* at M0038 (Rec. Doc. No. 26-4 at 4). In turn, it defined the term "spouse" as "[y]our lawful spouse." *Id.* at M0039 (Rec. Doc. No. 26-4 at 5). It specified, however, that the term "does not include any person who . . . is insured under [the plan] as an employee." *Id.* Similarly, the summary plan description (SPD) in a section titled "Dependent Eligibility" stated that "[i]f you and your spouse both work for Ochsner, you may each be covered as an employee, or one of you may choose to be covered as the other's spouse . . . . However, you may not be covered as both an employee and a spouse for the same benefit." Def. MetLife's Ex. 3 pt. 1 at SPD0012 (Rec. Doc. No. 26-10 at 14).

Wayne Taylor passed away on June 26, 2008. On July 16, 2008, Plaintiff filed through Ochsner claims for both basic life insurance, *see* Def. MetLife's Ex. 2 pt. 7 at M0154-M0155, M0162-M0163 (Rec. Doc. No. 26-9 at 2-3, 10-11), and for dependent life benefits, *see* Def. MetLife's Ex. 2 pt. 4 at M0090-M0091, M0094-M0095 (Rec. Doc. No. 26-6 at 1-2, 5-6). MetLife paid out the basic life insurance benefit. *See* Def. MetLife's Ex. 2 pt. 6 at M0152 (Rec. Doc. No. 26-8 at 21). But it denied Plaintiff's dependent life benefit claim on the ground that Mr. Taylor was covered under the plan's basic life insurance policy. *See* Def. MetLife's Ex. 2 pt. 5 at M0118 (Rec. Doc. No. 26-7 at 8). On appeal, MetLife sustained the denial of the dependent life

benefit. *See* Def. MetLife's Ex. 2 pt. 6 at M0147 (Rec. Doc. No. 26-8 at 16).

On June 25, 2009, Plaintiff filed suit in this Court against Ochsner and MetLife, claiming that the denial of the dependent life benefits constituted a "breach of fiduciary obligation, a willful violation of an insurance contract and ERISA, a negligent violation of an insurance contract, and a breach of [their] most fundamental provisions and promises." Pl.'s Compl. para. VIII (Rec. Doc. No. 1 at 2). Plaintiff seeks the full amount of benefits under the dependent life insurance policy. *Id.*

## II. PRESENT MOTIONS

MetLife filed its present motion for summary judgment on July 27, 2010. It argues that it is entitled to judgment as a matter of law on all of Plaintiff's claims. With respect to Plaintiff's principal claim -- that MetLife wrongfully denied her the dependent life benefits in violation of ERISA -- MetLife argues that the abuse of discretion standard applies to such a claim and that in light of the undisputed facts in the record, it did not abuse its discretion in denying dependent life benefits to Plaintiff. MetLife specifically asserts that the insurance policy at issue expressly precluded an employee from enrolling her spouse for dependent life insurance coverage if that spouse was also an employee of Ochsner and covered under the basic life insurance policy.

MetLife also contends that Plaintiffs' remaining claims are meritless. With respect to Plaintiff's claim alleging a breach of fiduciary duty, MetLife argues that such a claim cannot be simultaneously maintained with a claim challenging the denial of benefits. With respect to Plaintiff's contractual and estoppel claims, MetLife argues that ERISA's preemption clause applies.

3

Ochsner filed a motion for summary judgment on July 26, 2010. It argues that it is entitled to judgment as a matter of law because, as the employer that took no part in the decision denying Plaintiff's claim, it is not a proper party to the suit.

Plaintiff opposes both motions. Her principal contention is that some of the material regarding the scope of the employee benefits that were available to her failed to specifically indicate that she could not obtain insurance coverage for her husband because he was also an employee of Ochsner. Plaintiff thus contends that Defendant's interpretation of the policy was "selective, arbitrary, and capricious" and that this Court should set aside the denial of benefits.

## III. LAW AND ANALYSIS

### a. Standard of Review

A district court can grant a motion for summary judgment only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56 (c)). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322 - 24, and Fed. R. Civ. P. 56(e)). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249 - 50 (citations omitted).

### b. Claim Under ERISA Section 502(a)(1)(B) for Denial of Benefits

It is undisputed in this case that ERISA governs the employee benefits plan at issue. In particular, Plaintiff alleges that the denial of dependent life benefits was in "violation" of ERISA. Pl.'s Compl. para. VIII (Rec. Doc. No. 1 at 2). Plaintiff has thus brought suit under Section 502(a)(1)(B) of ERISA. That section authorizes a plan participant or beneficiary to file an action to "recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B).

A district court reviews "an administrator's denial of ERISA benefits for abuse of discretion 'if an administrator has discretionary authority with respect to the decision at issue.'" *Corry v. Liberty Life Assurance Co. of Boston*, 499 F.3d 389, 397 (5th Cir. 2007) (quoting *Vega v. Nat'l Life Ins. Serv., Inc.*, 188 F.3d 287, 295 (5th Cir. 1999)). In this case, it is undisputed that MetLife was expressly given discretionary authority "to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan." Def. MetLife's Ex. 2 pt. 3 at M0086 (Rec. Doc. No. 26-5 at 26). Accordingly, the abuse-of-discretion standard of review applies.

5

**1. Interpretation of the plan**

The Fifth Circuit has adopted "a two-step analysis in determining whether a plan administrator abused its discretion in construing plan terms." *Pylant v. Hartford Life & Accident Ins. Co.*, 497 F.3d 536, 540 (5th Cir. 2007) (citing *Rhorer v. Raytheon Eng'rs & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999)). First, a court needs to determine "the legally correct interpretation of the plan and whether the administrator's interpretation accords with that interpretation." *Id.* (citing *Rhorer*, 181 F.3d at 639). If "the administrator has not given the plan the legally correct interpretation, we determine whether the administrator's interpretation constitutes an abuse of discretion." *Id.* (citing *Rhorer*, 181 F.3d at 640). "A substantial factor in determining whether the administrator's interpretation is a legally correct interpretation is whether the interpretation is 'fair and reasonable.'" *Id.* (quoting *Lain v. UNUM Life Ins. Co. of Am.*, 279 F.3d 337, 344 (5th Cir. 2002)).

Here, MetLife construed the term "dependent" for the purposes of dependent life insurance as including a spouse, but excluding one who is also an employee of Ochsner and covered by the plan's basic life insurance policy. This is the legally correct interpretation because it corresponds with the explicit provisions of the plan at issue. The certificate of insurance here defines "dependent" as the employee's "spouse and/or child." Def. MetLife's Ex. 2 pt. 2 at M0038 (Rec. Doc. No. 26-4 at 4). In turn, it defines "spouse" as the employee's "lawful spouse." *Id.* at M0039 (Rec. Doc. No. 26-4 at 5). The definition of spouse, however, specifically excludes from its ambit "any person who . . . is insured under the Group Policy as an employee." *Id.*

Plaintiff argues that MetLife erred in concluding that the term "dependent" excludes a

6

spouse who is an employee of Ochsner and who is also covered under the plan's basic life insurance policy. In particular, Plaintiff points to a passage in the SPD to argue that there are no limits as to the types of dependents who can be covered under the plan's dependent life insurance policy. That passage states that an employee "may elect to purchase term life insurance coverage for [his] dependents" and that an employee "may elect to purchase [such] coverage for [his] spouse, [his] children, or both at attractive group rates." Pl.'s Ex. 2 at SPD 00089 (Rec. Doc. 29-7 at 118). Plaintiff appears to reason that because this passage does not qualify the term "spouse" in any manner, all spouses should be considered "dependents."

Plaintiff's argument is not without force, for the Fifth Circuit has held that an "[SPD] is binding"; that any "ambiguity in the [SPD] must be resolved in favor of the employee" and that "if there is a conflict between the [SPD] and the terms of the policy, the [SPD] shall govern." *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 982 (5th Cir. 1991). But Plaintiff's argument neglects the fact that as the Court of Appeals has further indicated, an SPD must be considered in its entirety. "It would be error to attend only to one paragraph, page, or portion of the summary." *Id.* at 981 (citing *Sharron v. Amalgamated Ins. Agency Servs., Inc.*, 704 F.2d 562, 566-67 (11th Cir. 1983)); *accord Wise v. El Paso Natural Gas Co.*, 986 F.2d 929 (5th Cir. 1993). In light of this "well settled" principle, this Court cannot "review [the] provision in a vacuum." *Rhorer*, 181 F.3d at 641.

Here, Plaintiff's argument is unavailing because a separate provision of the SPD expressly addresses the circumstance where both spouses are employees of Ochsner -- which is precisely the situation in this case. That provision, in the section entitled "Dependent Eligibility," states that "[i]f you and your spouse both work for Ochsner, you may each be

7

covered as an employee, or one of you may choose to be covered as the other's spouse. . . . *[Y]ou may not be covered as both an employee and a spouse for the same benefit*." Pl.'s Ex. 2 at SPD00012 (Rec. Doc. No. 29-7 at 12) (emphasis added). This provision makes it clear that a spouse of an employee who, by virtue of also being an employee, elects to receive basic life insurance cannot be also covered as a dependent of the employee under the dependent life insurance policy. The negative implication that Plaintiff seeks to draw from the aforementioned passage in the SPD is clearly untenable.

Plaintiff points to a separate provision in the SPD, which indicates that an employee is "automatically the beneficiary of [his] dependent's life insurance coverage." *Id.* at SPD00091 (Rec. Doc. No. 29-7 at 120). But this provision does not address the threshold issue of whether a spouse of an employee may be considered a dependent for the purposes of dependent life insurance coverage where the spouse also elects basic life insurance coverage for himself. In addition, Plaintiff points to a provision in the SPD that governs the naming of beneficiaries of an employee's basic life insurance coverage. That provision states that an employee who elects such coverage "may name any beneficiary [he] wish[es] . . . ." *Id.* at SPD00081 (Rec. Doc. No. 29-7 at 110). But this provision lacks relevance, for what is at issue is the scope of dependent life insurance coverage.[1]

Finally, Plaintiff ascribes significance to the 2008 Benefits Guide. That document states

---

[1] Plaintiff cites to this provision on the assumption that MetLife relied on the fact that Plaintiff was named the beneficiary of her husband's basic life insurance policy to deny Plaintiff's claim for dependent life benefits. This is incorrect. MetLife determined that Plaintiff could not enroll her husband for dependent life insurance coverage not because she was the beneficiary of his basic life insurance policy, but rather because her husband elected to receive basic life insurance.

8

that an employee may purchase life insurance coverage for his "dependents, such as [his] spouse and children." Pl.'s Ex. 3 at 24 (Rec. Doc. No. 29-8 at 24). Plaintiff argues that, like the first aforementioned statement in the SPD, this provision does not qualify the term "spouse" in any manner. Plaintiff thus appears to reason that any spouse can be covered under the plan's dependent life insurance policy. The flaw in Plaintiff's argument is that the Benefits Guide itself specifically states that it does not contain "all of the benefit plan details" and that those details are contained in the "summary plan description and plan documents." Pl.'s Ex. 3 at 2 (Rec. Doc. No. 29-8 at 2).[2] A fair reading of the Benefits Guide thus indicates that the negative implication that Plaintiff seeks to draw from the aforementioned passage in the Benefits Guide is unsound. As previously noted, the SPD -- to which the Benefits Guide refers -- expressly indicates that a spouse of an employee who, by virtue of also being an employee, elects to receive basic life insurance cannot be also covered as a dependent of the employee under the dependent life insurance policy.

In sum, in light of the foregoing, it cannot be said that MetLife abused its discretion in interpreting the term "dependent" to exclude a spouse of an employee who himself is an Ochsner

---

[2] Defendant MetLife contends that Plaintiff's argument should be rejected because, as a threshold matter, the Court cannot examine the Benefits Guide. MetLife notes that the Benefits Guide was not part of the administrative record. It is doubtful, however, that MetLife has the correct argument. As the Fifth Circuit has noted, "[w]en we review factual determinations, we can consider only the evidence that was available to the administrator; however, in reviewing interpretations of a plan, we can consider evidence that was unavailable to the administrator." *Thibodeaux v. Continental Cas. Ins. Co.*, 138 F.3d 593, 595 (5th Cir. 1998) (citing *S. Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98, 102 (5th Cir.1993)); *accord Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 642 (5th Cir. 1992) ("We therefore conclude that evidence that is relevant in determining whether under our two-step framework, an administrator's interpretation of a plan was legally correct, and if not, whether the administrator abused his discretion, may be considered by a district court even if this evidence was not part of the administrative record.").

employee and covered under the plan's basic life insurance policy.

### 2. Application of the plan terms to Plaintiff's case

"A plan administrator abuses its discretion where the decision is not based on evidence, even if disputable, that clearly supports the basis for its denial." *Holland v. Int'l Paper Co. Retirement Plan*, 576 F.3d 240, 246 (5th Cir.2009) (internal quotation marks and citations omitted). Here, it is an undisputed fact that Mr. Taylor was an employee of Ochsner and covered under the plan's basic life insurance policy. *See*, *e.g.*, Def. MetLife's Ex. 2 pt. 7 at M0161 (Rec. Doc. No. 26-9 at 9). In light of this, it cannot be said that the denial of Plaintiff's claim for dependent life benefits was made in the absence of substantial evidence. Accordingly, Defendants' motions for summary judgment on Plaintiff's claim for benefits denied under ERISA Section 502(a)(1)(B) are granted.

### c. Claim under ERISA Section 502(a)(3) for Breach of Fiduciary Duty

In alleging a "breach of fiduciary obligation," Pl.'s Compl. para. VIII (Rec. Doc. No. 1 at 2), Plaintiff has brought an action under 29 U.S.C. § 1132(a)(3). It is well settled that where the plaintiff's claim "to recover plan benefits is the predomin[ant] cause of action," "an ERISA plaintiff may bring a private action for breach of fiduciary duty only when no other remedy is available . . . ." *Rhorer*, 181 F.3d at 639 (citing *Varity Corp. v. Howe*, 516 U.S. 489, 510-16 (1996)). The Fifth Circuit has thus held that where a plaintiff has brought an action under 29 U.S.C. § 1132(a)(1)(B) for benefits denied, such a plaintiff "may not simultaneously maintain her claim for breach of fiduciary duty." *Rhorer*, 181 F.3d at 639; *accord Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349 n.5 (5th Cir. 2003); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998). The Fifth Circuit has further observed

that "'the simple fact that [a plaintiff] d[oes] not prevail on his claim under section 1132(a)(1) does not make his alternative claim [for breach of fiduciary duty] viable.'" *Tolson*, 141 F.3d at 610 (quoting with approval *Tolson v. Avondale Indus., Inc.*, No. Civ. A. 97-0896, 1997 WL 539919, at *8 (E.D. La. 1997)). Here, Plaintiff has, as noted above, brought an action under 29 U.S.C. § 1132(a)(1)(B), and Plaintiff's Complaint makes it clear that the recovery of benefits denied is the sole, if not "predominant," relief that she is seeking. Under these circumstances, Plaintiff cannot simultaneously maintain an action for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), and Defendants' motions for summary judgment on this claim are granted.

### d. Contractual and Estoppel claims

Plaintiff also alleges a "willful violation of the insurance contract . . . , negligent violation of the insurance contract, and a breach of its most fundamental promises." Pl.'s Compl. para. VIII (Rec. Doc. No. 1 at 2). In her brief opposing summary judgment, Plaintiff appears to elaborate on her estoppel theory when she argues that Defendants accepted her payment of monthly premiums for dependent life benefits coverage. Plaintiff's claim is unavailing, however, regardless of whether it rests on state or federal law.[3]

### 1. State-law claims

To the extent that Plaintiff's contractual and estoppel claims arise under state law, they are preempted under ERISA's express preemption clause, which provides that ERISA is to

---

[3] In its memorandum in support of its motion for summary judgment, Defendant MetLife narrowly construes Plaintiff's complaint to allege only state-law claims. This Court must, however, "construe the complaint in the light most favorable to the plaintiff," *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 247 (5th Cir. 2008), and determine if the plaintiff would be "entitled to relief under . . . any possible theory that [she] could prove . . . ," *Muhammad v. Dallas County Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007).

11

"supersede any and all State laws insofar as they may . . . relate to any employee benefit plan" regulated by that statute. 29 U.S.C. § 1144(a). The Supreme Court has explained that in light of this clause, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Aetna Health Inc. V. Davila*, 542 U.S. 200, 209 (2004). In particular, "if an individual . . . could have brought his claim under ERISA § 502(a)(1)(B), . . . then the individual's cause of action is completely preempted . . . ." *Id.* at 210. Here, Plaintiff alleges the wrongful denial of benefits under ERISA. She could have brought, and in fact has brought, an action under Section 502(a)(1)(B) of ERISA to recover the benefits denied. Accordingly, to the extent that they arise under state law, her claims that the denial of benefits amounted to a breach of contract and that Defendants are otherwise estopped from denying her the dependent life benefits are without merit because they are preempted under ERISA.

### 2. ERISA estoppel

The broad scope of ERISA preemption has led the federal courts to "develop 'a federal common law of rights and obligations under ERISA-regulated plans.'" *Firestone Tire & Rubber co. v. Bruch*, 489 U.S. 101, 110 (1989) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56 (1987)). Furthering this development, the Fifth Circuit has recognized the theory of ERISA estoppel. *See Mello v. Sara Lee Corp.*, 431 F.3d 440, 444-45 (5th Cir. 2005). To prevail on such a theory, a plaintiff must show three elements: "(1) a material misrepresentation, (2) reasonable and detrimental reliance upon that representation, and (3) extraordinary circumstances." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 374 (5th Cir. 2008) (citing *Mello*, 431 F.3d at 444-45).

Here, even if the payment of $16 in monthly premium constituted detrimental reliance, *see* Pl.'s Ex. 4 at 1 (Rec. Doc. No. 29-9 at 1), and the acceptance of such premium constituted a misrepresentation,[4] Plaintiff cannot establish the element of reasonable reliance. The Court of Appeals has indicated that "a reasonably prudent employee" reads the SPD as a whole, *see Hansen*, 940 F.2d at 981 (quoting *Sharron*, 704 F.2d at 566), and that "'reliance can seldom, if ever, be reasonable or justifiable if it is inconsistent with the clear and unambiguous terms of plan documents available to . . . the party.'" *High v. E-Sys., Inc.*, 459 F.3d 573, 580 (5th Cir. 2006) (quoting *Sprague v. GMC*, 133 F.3d 388, 404 (6th Cir. 1998)). As noted above, the certificate of insurance and the SPD both expressly indicate that an employee cannot obtain the same benefit both as an employee and as a spouse of another employee. To the extent that Plaintiff relied on the acceptance of her premium payments to conclude that her husband was covered under the dependent life insurance policy, this reliance was inconsistent with the express, affirmative terms of the plan documents.

In sum, regardless of whether Plaintiff's contractual or estoppel claims arise under state or federal law, they are without merit, and thus, Defendants' motions for summary judgment with respect to these claims are granted.

**e. Ochsner as a Proper Party**

Plaintiff has brought the aforementioned claims against both MetLife, the claims administrator, and Ochsner, the employer. Ochsner has separately argued that it is entitled to summary judgment because it is not a proper party to this suit in light of *Musmeci*. *See* 332 F.3d

---

[4] The record indicates that several months after the instant suit was filed, MetLife gave Plaintiff a refund of those payments. *See* Pl.'s Ex. 4 at 1 (Rec. Doc. No. 29-9 at 1).

at 349 (discussing whether an employer can be a proper party to a claim of benefits denied). The Court need not address this argument. Even if one were to assume *arguendo* that Ochsner is a proper party in this suit, Plaintiff's claims, as noted above, are without merit. Thus, Ochsner is entitled to summary judgment for the same reasons that MetLife is entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendant MetLife's Motion for Summary Judgment and Defendant Ochsner's Motion for Summary Judgment are hereby GRANTED as to all claims. This matter is hereby DISMISSED with prejudice.

New Orleans, Louisiana, this 2nd day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE